**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZHENGYU HE, Individually and on Behalf of all Others Similarly Situated, | |
| Plaintiff, | Case No. 2:18-cv-15530-KM-JSA |
| v. | CLASS ACTION |
| CHINA ZENIX AUTO INTERNATIONAL LIMITED, JIANHUI LAI, AND MARTIN CHEUNG, | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of April 26, 2021 (together with all Exhibits hereto, the "Stipulation"), which is entered into, by and through their undersigned attorneys, between (i) Lead Plaintiffs ITENT EDV Dienstleistungs GmbH and Ing. Richard Deutner Softwaeentwicklung & Beratung ("Plaintiffs" or "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined herein) and (ii) China Zenix Auto International Limited ("China Zenix" or the "Company"), Jianhui Lai and Martin Cheung ("Defendants" and with Plaintiffs, the "Parties"), states all of the terms of the settlement and resolution of this matter by the Parties and is intended by the Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the District of New Jersey (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**A.     The Action**

This action was commenced on October 31, 2018, styled as *Zhengyu He v. China Zenix Auto International Limited, et al*., Case No. 2:18-cv-15530 (D.N.J.)., alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (Dkt. No. 1).

On February 17, 2019, Magistrate Judge Joseph A. Dickson appointed ITENT EDV Dienstleistungs GmbH and Ing. Richard Deutner Softwaeentwicklung & Beratung as Lead Plaintiffs and The Rosen Law Firm, P.A. as Lead Counsel (Dkt. No. 12).

On April 23, 2019, Plaintiffs filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (Dkt. No. 23). The Amended Complaint asserted violations of Sections 10(b), 20(a), 9(a), and 9(f) of the Exchange Act.

On June 24, 2019, Defendants served their motion to dismiss the Amended Complaint (Dkt. No. 30-1). On August 8, 2019, Plaintiffs served their opposition to Defendants' motion to dismiss (Dkt. No. 30-2). On September 11, 2019, Defendants filed the fully briefed motion, including their reply (Dkt. No. 30-3).

On June 12, 2020, the Court granted in part and denied in part the motion to dismiss (Dkt. No. 34). The Court dismissed the 10(b) claim as to Defendant Cheung and the 9(a) and 9(f) claims as to all Defendants, but upheld the remaining claims. *Id.*

On July 29, 2020, Defendants filed their Answer to Plaintiffs' Amended Complaint (Dkt. No. 37).

The Parties agreed on and filed a Joint Proposed Discovery Plan and a proposed Discovery Confidentiality Order, which the Court entered in substantially the same forms on October 13, 2020 and November 12, 2020, respectively (Dkt. Nos. 41, 43).

The parties exchanged initial disclosures in October 2020. Plaintiffs served requests for production on Defendants, to which Defendants served responses and objections, including a production of documents in November 2020. Plaintiffs also served a subpoena for documents on the New York Stock Exchange, to which the New York Stock Exchange responded and produced documents in November 2020.

**B.     The Settlement**

In late 2020, the Parties began to discuss mediation and engaged Jed Melnick, Esq. of JAMS, a well-respected mediator. On December 29, 2020, the Parties exchanged detailed mediation statements.

The Parties attended an all-day, virtual mediation with Mr. Melnick on January 6, 2021. Although a settlement was not reached at this session, with the assistance of Mr. Melnick the Parties continued settlement discussions over the telephone and via email. The Parties reached a settlement in principle and executed a term sheet on February 5, 2021.

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against Defendants and the Released Parties with prejudice in return for the consideration specified herein.

**C.     Defendants' Denial of Wrongdoing and Liability**

Throughout the course of the Action, and in this Stipulation, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever that have or could have been asserted in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Lead Plaintiffs, as well as the allegations that Plaintiffs and the Settlement Class have suffered damages and that Lead Plaintiffs and the Settlement Class were harmed by the conduct alleged in the Action.

Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as, or deemed evidence supporting an admission by, any of the Defendants or any of the Released Parties with respect to any of Lead Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

### D.    Lead Plaintiffs' Claims and Benefits of Settlement

Lead Plaintiffs believe that the claims asserted in the Action have merit. Lead Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Lead Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Lead Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification, and trial. Lead Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Lead Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of

the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

## 1.    Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**    "Action" means the putative securities class action *Zhengyu He v. China Zenix Auto International Limited, et al.*, Case No. 2:18-cv-15530 (D.N.J.).

**1.2.**    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in ¶ 7.1) to the Authorized Claimants. Such costs do not include legal fees.

**1.3.**    "ADSs" means American Depository Shares.

**1.4.**    "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.5.**    "Award to Lead Plaintiffs" means the requested reimbursement to Lead Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Lead Plaintiffs' representation of the Settlement Class in the Action.

**1.6.**    "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New Jersey.

**1.7.**    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

**1.8.**    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.9.**    "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

**1.10.**    "Court" means the United States District Court for the District of New Jersey.

**1.11.**    "Defendants" means China Zenix Auto International Limited ("China Zenix" or the "Company"), Jianhui Lai and Martin Cheung.

**1.12.**    "Defendants' Released Claims" means and includes any and all Claims and Unknown Claims (as defined herein) that could have been asserted against any of the Released

Plaintiff Parties, including Lead Plaintiffs, Settlement Class Members, and Lead Counsel, arising out of, based upon, or relating in any way to the institution, prosecution, or settlement of the Class Action.  Notwithstanding the foregoing, "Defendants' Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.13.    "Defense Counsel" means K&L Gates LLP.

1.14.    "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

1.15.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.16.    "Escrow Agent" means SCS or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.17.    "Fee and Expense Application" means an application(s) to the Court for distributions from the Settlement Fund to Lead Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses incurred in connection with prosecuting the Action with interest; and (iii) the Award to Lead Plaintiffs.

1.18.    "Final," when referring to the Final Judgment, means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or

modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1 hereof, or shall affect or delay the date on which the Final Judgment becomes Final.

    **1.19.**   "Final Judgment" means the order and final judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

    **1.20.**   "Insurer(s)" means the insurers under director and officer liability policies under which Defendants were covered, for the period between October 2, 2015 through June 14, 2018.

    **1.21.**   "Lead Counsel" means The Rosen Law Firm, P.A.

    **1.22.**   "Lead Plaintiffs" or "Plaintiffs" means ITENT EDV Dienstleistungs GmbH and Ing. Richard Deutner Softwaeentwicklung & Beratung as identified as Lead Plaintiffs in the Order dated February 17, 2019 (Dkt. No. 12).

    **1.23.**   "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Awards (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; (iv) any Award to Lead Plaintiffs; and (v) other fees and expenses authorized by the Court.

    **1.24.**   "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed to Settlement Class Members.

    **1.25.**   "NYSE" means the New York Stock Exchange.

**1.26.**   "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

**1.27.**   "Party" means any one of, and "Parties" means Lead Plaintiffs (on behalf of themselves and the Settlement Class) and Defendants.

**1.28.**   "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assign.

**1.29.**   "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

**1.30.**   "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class Members substantially in the form attached hereto as Exhibit A.

**1.31.**   "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.32.**   "Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, trustees, estates, administrators, successors, assigns, and present and

former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, successors, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them, and any of the immediate family members, heirs, executors, trustees, estates, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them.

**1.33.** "Released Claims" means and includes any and all Released Plaintiffs' Claims and Released Defendants' Claims, as defined herein.

**1.34.** "Released Defendant Parties" means Defendants and each and all of their Related Parties.

**1.35.** "Released Parties" means any and all Released Defendant Parties and Released Plaintiff Parties.

**1.36.** "Releasing Parties" means jointly and severally, individually and collectively, Lead Plaintiffs, each and every Settlement Class Member, and each of their Related Parties.

**1.37.** "Released Plaintiffs' Claims" means and includes any and all Claims and Unknown Claims (as defined herein) that have been or could have been asserted by or on behalf of any of the Releasing Plaintiff Parties, in any capacity, which arise out of, are based upon, or relate in any way to the purchase or acquisition of China Zenix ADSs during the Settlement Class Period, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations,

statements omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness or such disclosures). Notwithstanding the foregoing, "Released Plaintiffs' Claims" does not include: (i) any claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court; or (ii) claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

     **1.38.**   "Released Plaintiff Parties" means Lead Plaintiffs and Settlement Class Members, and each and all of their Related Parties.

     **1.39.**   "Releasing Plaintiff Parties" means jointly and severally, individually and collectively, Lead Plaintiffs, each and every Settlement Class Member, each of their respective present, former, and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives including Lead Counsel, and agents, and any person or entity which is or was related to or affiliated with any Releasing Plaintiff Party or in which any Releasing Plaintiff Party has a controlling interest, and each of their respective immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates.

     **1.40.**   "Settlement" means the settlement contemplated by this Stipulation.

     **1.41.**   "Settlement Amount" means the sum of $1,800,000 (One Million Eight Hundred Thousand U.S. Dollars). The Settlement Amount includes all Administrative Costs, Lead Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Lead Plaintiffs (as

allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.42.    "Settlement Class" means all persons and entities, other than Defendants and their affiliates, who purchased publicly traded China Zenix ADSs from October 2, 2015 through June 14, 2018, both dates inclusive. Excluded from the Settlement Class are the following excluded persons: the Defendants; the officers, directors, and affiliates of China Zenix, at all relevant times; the 16 current or former employees of China Zenix or its affiliates, or their relatives, identified by the NYSE during its investigation and listed in Schedule A hereto; China Zenix's employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired China Zenix ADSs through any such plan(s); any entity in which Defendants have or had controlling interest; immediate family members of any excluded person; and the legal representatives, heirs, successors, or assigns of any excluded person or entity. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order and persons with no compensable damages.

1.43.    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.44.    "Settlement Class Period" means the period between October 2, 2015 through June 14, 2018, both dates inclusive.

1.45.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.46.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the

Settlement set forth in the Stipulation is fair, reasonable, and adequate, and therefore, should receive final approval from the Court.

    **1.47.**   "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties. This includes claims which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Parties expressly acknowledge, and the Releasing Parties by operation of the Judgment shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs or Releasing Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs expressly acknowledge, and the Settlement Class Members by

operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

**2.      The Settlement Consideration**

**2.1.**      In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, within ten (10) Business Days after the Court's entry of the Preliminary Approval Order, Lead Counsel, or the Escrow Agent, will provide complete wire and transfer information and instructions and a completed Form W-9 for the Settlement Fund to Defendants. Within twenty (20) Business Days of receiving payment instructions from Lead Counsel, or the Escrow Agent, Defendants shall either transfer or cause its Insurer(s) to transfer the Settlement Amount ($1,800,000), by wire transfer or check, to the Escrow Account.

**2.2.**      Under no circumstances will Defendants or their Insurer(s) be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of Administrative Costs, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

**3.      Handling and Disbursement of Funds by the Escrow Agent**

**3.1.**      No monies will be disbursed from the Settlement Fund until after the Effective Date except:

> **(a)**      As provided in ¶ 3.4 below;
>
> **(b)**      As provided in ¶ 8.2 below;

(c)     As provided in ¶ 10.8 below, if applicable; and

(d)     To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2.     The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, their counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defense Counsel.

3.4.     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000 (One Hundred and Fifty Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to $50,000 (Fifty Thousand Dollars), may be transferred from the

Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court.

**4.      Taxes**

**4.1.**      The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)      For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)      All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments

that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.  The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5.      Preliminary Approval Order, Notice Order, and Settlement Hearing**

**5.1.**      As soon as practicable after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the

dissemination of notice. The Preliminary Approval Order to be submitted to the Court shall contain the exhibits substantially in the form set forth in: (i) the Long Notice (Exhibit A-1); (ii) the Proof of Claim and Release (Exhibit A-2); (c) Summary Notice (Exhibit A-3); and (d) the Postcard Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are disseminated or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, Lead Counsel's proposed Plan of Allocation.

**5.2.**     At the time of the submission described in ¶ 5.1 hereof, the Parties, through their counsel, shall jointly request that, after the Notice is provided and the Settlement Class Members are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**5.3.**     No later than ten (10) calendar days following the filing of this Stipulation with the Court, China Zenix shall serve on behalf of all Defendants the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). At least seven (7) calendar days before the Settlement Hearing, China Zenix shall cause to be served on Lead Counsel and filed with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

**6.     Releases and Covenants Not to Sue**

**6.1.**      The obligations incurred pursuant to this Settlement shall be in full and final disposition of the Action as against Defendants, shall fully and finally release any and all Released

Claims as against all Released Parties, and shall also release all of the Defendants' Released Claims against the Released Plaintiff Parties. The Final Judgment shall, among other things, provide for the dismissal with prejudice of the Action against Settling Defendants, without costs to any party, except for the payments expressly provided for herein.

**6.2.**    Upon the Effective Date, the Releasing Parties, on behalf of themselves and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, including Defense Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**6.3.**    Upon the Effective Date, Settling Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, Settlement Class Members, Lead Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Lead Plaintiffs, Settlement Class Members, Lead

Counsel, and their Related Parties (collectively, the "Released Plaintiff Parties"). Nothing contained herein shall, however, bar the Defendants or their Related Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**7.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

**7.1.**     Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

**7.2.**     The Settlement Fund shall be applied as follows:

>     **(a)**     To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

>     **(b)**     To pay Administrative Costs;

>     **(c)**     To pay Lead Counsel's attorneys' fees with interest and expenses and payment to the Lead Plaintiffs for reimbursement of their time and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

>     **(d)**     To distribute the balance of the Net Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶ 7.2(a), (b), and (c) hereof, plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.**     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court.

**7.4.** This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants. Defendants, their counsel, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

**7.5.** It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

**7.6.** No later than seven (7) calendar days after the date of entry of the Preliminary Approval Order, Defendants, at no cost to Lead Plaintiffs or Lead Counsel, shall provide and/or

cause China Zenix's transfer agent to provide to Lead Counsel a list of the record owners of China Zenix ADSs in the Settlement Class in a usable electronic format, such as an Excel spreadsheet ("Settlement Class Information"). If in the transfer agent's possession, the Settlement Class Information should include email addresses of record owners of China Zenix ADSs in the Settlement Class. The Parties acknowledge that any information provided to Lead Counsel by the Company pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel and the Claims Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

7.7.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel.

8.    **Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

**8.1.**    Lead Counsel may submit a Fee and Expense Application(s). Defendants shall take no position with respect to the Fee and Expense Application(s).

**8.2.**    Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund within five (5) Business Days after the Court enters an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Lead Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Lead Counsel agrees that the law firms and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and they shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Lead Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against the firms should they fail timely to repay fees and expenses pursuant to this paragraph. Any Award to Lead Plaintiff shall not be paid from the Settlement Fund until after the Effective Date.

**8.3.**    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to

be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.    Any award of attorneys' fees and interest and/or expenses to Lead Counsel or Award to Lead Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Released Party shall have any responsibility for payment of Lead Counsel's attorneys' fees and interest, expenses, or other Award to Lead Plaintiffs beyond the obligation of Defendant to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Lead Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**9.     Class Certification**

9.1.    In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification. For purposes of this settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Lead Plaintiffs as the class representatives, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**10.      Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**10.1.**    Lead Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) Business Days of any of the following:

(i)      entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)      entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)      entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)      entry of a Court order refusing to dismiss the Action with prejudice;

(v)      entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; and

(vi)      failure on the part of any Party to abide, in material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated above in this ¶ 10.1, no Party shall have the right to terminate the Stipulation for any reason.

**10.2.**    The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**      Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.4;

**(b)** The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(c)** The sum of $1,800,000 (One Million Eight Hundred Thousand U.S. Dollars) has been paid into the Escrow Account, as set forth in ¶ 2.1 above;

**(d)** The Court has approved the Settlement, following notice to the Settlement Class Members and the Settlement Hearing, and has entered the Final Judgment;

**(e)** The Final Judgment has become Final as defined in ¶ 1.18; and

**(f)** The Action has been dismissed with prejudice.

**10.3.** Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.4.** If prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased securities during the Settlement Class Period in an amount greater than the amount specified in a separate Confidential Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Defendants shall have, each in his or its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.

**10.5.**     Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶ 2.1 (other than in accordance with ¶ 10.4). None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Party engages in a material breach of the terms hereof, any other Party, provided that he, she, or it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**10.6.**     In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, the Parties shall be restored to their respective positions in the Action immediately prior to February 5, 2021, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action and shall be preserved without prejudice.

**10.7.**     In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**10.8.**     In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to the entity or entities which paid the

Settlement Fund, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from said entity or entities. At the request of said entity or entities the Escrow Agent or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to said entity or entities pursuant to written direction received from said entity or entities.

**10.9.**     No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**11.     No Admission of Liability or Wrongdoing**

**11.1.**     The Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Party, or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or

therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Lead Plaintiff or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation, the Supplemental Agreement, and the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

### 12.    Miscellaneous Provisions

**12.1.**    Except in the event of the filing of a Termination Notice pursuant to ¶¶ 10.1, 10.2, 10.3, 10.5 or 10.6 of this Stipulation or termination notice in accordance with the Supplemental Agreement, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**12.2.**    The Parties and their respective counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.3.**    Each of the attorneys executing this Stipulation, any of its exhibits, and any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents, respectively.

**12.4.**    Lead Plaintiffs and Lead Counsel represent and warrant that Lead Plaintiffs are Settlement Class Members and none of Lead Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**12.5.**    This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Lead Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his or its own costs.

**12.6.**    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties, or their respective counsel or their respective successors in interest.

**12.7.**    This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

**12.8.**    The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**12.9.**    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.10.**    This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.**    This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to conflict of laws principles.

**12.12.**    Any claim or dispute among the Parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the Stipulation prior to submission to the Court shall be resolved by the mediator Jed Melnick, Esq. of JAMS, first by way of expedited telephonic mediation and, if unsuccessful, by way of final, binding non-appealable resolution by the Court. In the event of dispute over the Stipulation, the prevailing party shall be entitled to fees and costs.

**12.13.**    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.14.**  The Stipulation shall not be construed more strictly against one party hereto than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.15.**  Lead Plaintiffs, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in the Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of the Action, and (c) they will not discuss any confidential matters related to the Action or the Settlement with anyone. Defendants and Defense Counsel agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Action against Lead Plaintiffs, Settlement Class Members, Lead Counsel, and their Related Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm Lead Plaintiffs, Settlement Class Members, Lead Counsel, and their Related Parties with respect to any matter relating to the subject matter of the Action, and (c) they will not discuss any confidential matters related to the Action, or the Settlement with anyone.

**12.16.**  All agreements by, between or among the Parties, their respective counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this

Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.17.  The Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA in connection with the Action, the Settlement, the Stipulation, or the Supplemental Agreement. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA.

12.18.  Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties.

12.19.  The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

12.20.  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

-33-

Dated:  April 26, 2021

THE ROSEN LAW FIRM, P.A.

By: _____ by Phillip Kim

Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

and

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiffs and the Class*

Dated:  April 26, 2021

K&L GATES LLP

By: _____

Dana B. Parker
One Newark Center, Tenth Floor
Newark, NJ 07102
Tel. (973) 848-4091
Fax: (973) 848-4001
Email: dana.parker@klgates.com

and

Stephen G. Topetzes (*pro hac vice*)
1601 K Street, NW
Washington, DC 20006
Tel.: (202) 778-9000
Fax: (202) 778-9100
Email: stephen.topetzes@klgates.com

*Counsel for Defendants*

**SCHEDULE A**

1.  Yang Wen Xing

2.  Zhang Hui Yan

3.  Zhang Yi Ping

4.  Zhang Zhou Ping

5.  Hong Mushui

6.  Lai Shaohua

7.  Lai Wenyong

8.  Lai Yueyi

9.  Zhang Yiqun

10. Zhang Zhilan

11. Lai Meiqin

12. Lin Shuxin

13. Lin Xinrong

14. He Yandun

15. Li Wei Biao

16. Lai Linting